UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH WATERS,

        Plaintiff,

 -against-           9:13-CV-1437 (LEK/DEP)

ALBERT PRACK, *et al.*,

        Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on February 24, 2017, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 123 ("Report-Recommendation"). Pro se plaintiff Keith Waters and Defendants timely filed Objections. Dkt. Nos. 124 ("Plaintiff's Objections"), 125 ("Defendants' Objections").

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

#### A. Defendants' Objections

Defendants object to Judge Peebles's finding that summary judgment was not appropriate with respect to Waters's First Amendment retaliation claim against defendant A.W. Dirie. Defs.' Objs. at 1. According to Defendants, the evidence is overwhelming that Dirie did not remove Waters from his position in the law library, and that Deputy Superintendent for Programs Marie Hammond, who is not a defendant in this case, was in fact responsible for his removal. Id. Defendants also suggest that because Waters was removed from the position before Dirie received any complaints from Waters, "there [was] no temporal proximity giving rise to a question regarding the reason for the removal." Id. at 2. The question is close, but the Court agrees with Judge Peebles's recommendation that it deny Defendants' motion for summary judgment on this issue.

Defendants point to two pieces of evidence suggesting that Dirie did not remove Waters from the law library position. First, Dirie himself says he was not involved. Id. at 1–2. Second, Waters wrote Dirie a letter on February 28, 2013, complaining that he had been removed from

his position at the law library by Hammond. Id. at 2. The only evidence Waters has offered to suggest that Dirie removed him from the position is his own sworn testimony to that effect. Dkt. No. 42 ("Verified Amended Complaint") ¶ 46.[1] Waters's evidence on this point certainly appears weaker than Defendants'. But as Judge Peebles pointed out in a different case, "the weighing of such competing evidence, no matter how weak plaintiff's claim may appear, presents a question of credibility that must be left to the trier of fact." Cirio v. Lamora, No. 08-CV-431, 2010 WL 1063875, at *8 (N.D.N.Y. Feb. 24, 2010), adopted by 2010 WL 1063864 (N.D.N.Y. Mar. 22, 2010). And while it is true that the only piece of evidence Waters offers on this score is his own self-serving testimony, that "can establish a genuine dispute of fact so long as [it] does not contradict the witness's prior testimony." Dye v. Kopiec, No. 16-CV-2952, 2016 WL 7351810, at *3 (S.D.N.Y. Dec. 16, 2016) (collecting cases). The affidavit does differ from the letter in suggesting that Dirie, rather than Hammond, removed Waters from the law library position, but Waters was not testifying when he wrote the letter, so these two pieces of conflicting evidence do not prevent the Court from allowing Waters to establish a genuine dispute of material fact on the basis of his self-serving testimony.[2]

---

[1] "A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

[2] As this Court has previously noted, a plaintiff's self-serving affidavit also need not be credited at the summary-judgment stage if the "plaintiff's factual assertion is contradicted by such overwhelming evidence that no reasonable factfinder could credit the plaintiff's account." Bader v. Special Metals Corp., 985 F. Supp. 2d 291, 321 n.22 (N.D.N.Y. 2013) (Kahn, J.). That is not the case here, because the evidence suggesting that Hammond rather than Dirie removed Waters from the law library position is far from "overwhelming." As discussed above, all the Court has on this score is Dirie's own testimony and a letter written by Waters.

Defendants also argue that Dirie could not have retaliated against Waters because the alleged adverse action—Waters's removal from the law library position—took place before Waters complained to Dirie. Defs.' Objs. at 2. As Defendants note, the record makes it clear that Waters was removed from the position on February 17, 2013. Id. Indeed, Waters himself concedes as much in his statement of material facts. Dkt. No. 116-2 ("Waters Statement of Material Facts") ¶ 46 ("Plaintiff remained assigned to the law library clerk position at Greene from the period of February 11, 2013 until February 17, 2013 before he was 'REMOVED FOR GOOD OF DEPARTMENT.'"), and his inmate program assignment history confirms this concession, Dkt. No. 116-3 ("Plaintiff's Bates Material") at 59. Defendants emphasize that Waters complained to Dirie on February 28, 2013, and March 18, 2013. Defs.' Objs. at 2. If these were the only two complaints received by Dirie, Defendants would be correct that the Court could not infer that Dirie retaliated against Waters by removing him from the law library position. See Butler v. City of Batavia, 545 F. Supp. 2d 289, 293 (W.D.N.Y. 2008) (dismissing a First Amendment retaliation claim because "the adverse conduct started before" the plaintiff made her complaint).

Yet Defendants ignore Waters's assertion that he had complained to Dirie around late January 2013 about "the dorm sanction policy" at the prison. Pl.'s SMF ¶¶ 9, 15; Verified Am. Compl. ¶ 16. Since "a temporal gap of less than two months is sufficient to give rise to an inference of causation," Dushane v. Leeds Hose Co. #1 Inc., 6 F. Supp. 3d 204, 212 (N.D.N.Y. 2014) (Kahn, J.), the gap between Waters's complaints to Dirie in January and his removal from the law library position in February raises the inference that Dirie was motivated by retaliatory animus. And while Dirie says he does not remember Waters's complaining to him orally about

4

the dorm sanction policy, conflicting testimony cannot establish the nonexistence of a genuine dispute of material fact. See Molinaro v. Sears, Roebuck & Co., 478 F. Supp. 818, 822–23 (S.D.N.Y. 1979) (noting that summary judgment "cannot be resolved on the basis of conflicting affidavits"). In sum, the Court is not convinced by Defendants' objections.

**B. Waters's Objections**

Waters objects to Judge Peebles's finding that defendant Eric G. Gutwein would have disciplined Waters for providing unauthorized legal assistance even if Gutwein had lacked retaliatory animus. Pl.'s Objs. at 2.[3] Waters challenges the sufficiency of the evidence Gutwein relied on to discipline him, pointing out that Sergeant Melendez could not specify the type of legal assistance Waters provided to the other inmate or the form of compensation he received. Id. at 3. But as Melendez testified, Waters had received a letter from the inmate in which the inmate suggested that "he would compensate [Waters] for assisting him with a legal matter in the same way he had in the past." Rep.-Rec. at 22. When Melendez spoke to the inmate, he "admitted that he had paid [Waters] in the past for legal assistance." Id. Melendez did not testify that Waters advised the inmate about, say, federal habeas law as opposed to municipal liability under 42 U.S.C. § 1983, but that does not mean Gutwein lacked a solid basis for finding that Waters had violated the rule prohibiting the provision of unauthorized legal assistance. The same goes for the kind of compensation Waters received for his legal work. Judge Peebles was therefore correct to conclude that Gutwein would have imposed discipline even in the absence of any retaliatory motive, especially because this kind of inference is "readily drawn in the context of prison

---

[3] The page numbers for Waters's Objections refer to those generated by this Court's electronic filing system ("ECF").

5

administration where we have been cautioned to recognize that 'prison officials have broad administrative and discretionary authority over the institutions they manage.'" Sher v. Coughlin, 739 F.3d 77, 82 (2d Cir. 1984) (quoting Hewitt v. Helms, 459 U.S 460, 467 (1983), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)); see also Parks v. Blanchette, 144 F. Supp. 3d 282, 331 (D. Conn. 2015) (noting that courts take special care in evaluating First Amendment retaliation claims brought by prisoners "because they can easily be fabricated").[4]

As part of his challenge to the sufficiency of the evidence relied on to punish him, Waters appears to assert that his right to procedural due process was violated. Pl.'s Objs. at 3–7. Yet as Judge Peebles pointed out, Waters's due process claim fails because "no reasonable factfinder could conclude that plaintiff was deprived of a cognizable liberty or property interest." Rep.-Rec. at 29. Since the Court agrees with that finding, any argument about the sufficiency of the evidence is irrelevant.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 123) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Waters's Motion for Summary Judgment (Dkt. No. 116) is **DENIED**; and it is further

---

[4] The Court also disagrees with Waters's claim that it was a "quintessential non sequitur" for him to be found guilty of providing unauthorized legal assistance and not guilty of violating a direct order. Pl.'s Objs. at 3. Perhaps Waters was never directly ordered to refrain from providing legal advice. Yet if he was caught doing just that, it would be appropriate to find him guilty for providing unauthorized legal assistance.

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 110) is **GRANTED in part and DENIED in part** as follows: (1) Waters's due process claims asserted against defendants Gutwein and Prack are **DISMISSED**; (2) Waters's retaliation claim asserted against defendant Gutwein is **DISMISSED**; (3) Waters's retaliation claims asserted against defendant Dirie regarding his failure to undertake a review of the disciplinary hearing determination and his alleged transfer of plaintiff to a different correctional facility are **DISMISSED**; (4) Waters's retaliation claim asserted against defendant Dirie regarding his removal of plaintiff as a law library clerk at Greene Correctional Facility survives Defendants' motion and shall proceed to trial; (5) Waters's retaliation claims asserted against defendant Prack are **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 30, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge